UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNELL EMANUELLE HUEY,

     Applicant,

v.                                       CASE NO. 8:22-cv-1744-SDM-AEP

SECRETARY, Department of Corrections,

     Respondent.

_____/

**<u>ORDER</u>**

Huey applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for 2 two counts of aggravated assault, for which Huey is imprisoned for twenty years. As authorized by an earlier order (Doc. 5), the respondent's limited response (Doc. 6) argues that the application is time-barred and not reviewable on the merits. Huey concurs with the respondent's calculation that his application is untimely (Doc. 9 at 3), but he asserts entitlement to a review on the merits based on both equitable tolling of the limitation and the actual innocence exception to the limitation; Huey is entitled to neither.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Huey's conviction became final on October 10, 2019.[1]  Absent tolling for a timely post-conviction application in state court, the federal limitation would bar his claim one year later on October 10, 2020.  *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (applying "the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run," as "suggested" in *Ferreira v. Sec'y, Dept. of Corr.*, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007)).  The limitation was tolled during the pendency of his Rule 3.850 motion for post-conviction relief, and the one-year limitation expired on September 17, 2021.  Nearly a year after the deadline, Huey filed his application under Section 2254 on August 1, 2022.

**Equitable Tolling**

Recognizing that his application is untimely from when his conviction became final, Huey asserts entitlement to equitable tolling.  The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject

---

[1] Huey's direct appeal concluded on July 12, 2019. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002). Huey must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. For the first requirement, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. To satisfy the second requirement, Huey must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See cases collected in Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Huey argues that the state court clerk's failure to timely notify him that the court had denied his motion for post-conviction relief caused his untimely filing of both a notice of appeal and, subsequently, his federal application. The state court denied him relief on April 16, 2021, and his thirty-day deadline to appeal expired on May 17, 2021.[2] Huey represents (1) that the court clerk failed to send him a copy of the order; (2) that on August 4, 2021, Huey requested the court clerk send to him a copy of the "Case Progress Docket," which he received on August 17, 2021; (3) that upon reviewing the docket he learned about the court's April order denying relief; and (4) that on August 20, 2021, he sent to the court clerk a request for a copy of the April order, which he received on September 1, 2021. A court clerk's failure to timely notify a party about the issuance of an order may qualify for the second requirement of equitable tolling, that is, an extraordinary circumstance. *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002) (recognizing that negligence by a court clerk in failing to notify a *pro se* litigant about a decision on an appeal may qualify for equitable tolling). However, a party must have exercised due diligence in monitoring the status of the action. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) ("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition."). Because he appears to have

---

[2] Because May 16, 2021, was a Sunday, the deadline is extended to the following Monday.

exercised due diligence in monitoring his action, the clerk's omission qualifies as an extraordinary circumstance for equitable tolling, however, Huey must also show that he exercised due diligence throughout both the state process and the filing of his federal application.

According to his facts, Huey possessed a copy of the order more than two weeks before the September 17, 2021, federal one-year deadline. The respondent correctly argues that Huey failed to exercise due diligence by not filing a "protective petition" before the one-year deadline. *See Pace*, 544 U.S. at 416 (recognizing the procedural mechanism of "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); *Lawrence v. Florida*, 549 U.S. 327, 343 (2007) (recognizing the potential need to file a protective petition in federal court to preserve entitlement to federal review) (dissent); *Johnson v. Warden*, 738 F. App'x 1003, 1006–07 (11th Cir. 2018)[3] (Johnson "did not file a protective § 2254 petition with the district court when it became clear that the time for filing a notice of appeal had expired and his federal rights could be prejudiced [and he] still had four days to file a timely § 2254 petition . . . ."); *Hill v. Jones*, 242 F. App'x 633, 637 n.7 (11th Cir. 2007) (recognizing that *Pace* suggests the filing of a "protective petition"); *accord Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) (applying *Pace* in determining that "two weeks was enough time

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

to allow Palacios to take action to preserve his federal rights" by filing a "protective petition").

Huey was granted a belated appeal from the denial of post-conviction relief, but that proceeding has no effect on the untimeliness of his federal application. Unlike on a post-conviction appeal, the granting of a belated appeal on a direct appeal tolls the limitation *nunc pro tunc*, which effectively delays the limitation from starting. As *Rogers v. State*, 146 So. 3d 1263, 1264 (2014), explains:

> Although both the State and the post-conviction court were aware that Rogers had filed a successful petition for belated appeal in this court, they overlooked its significance.[1]
>
>> [1] In contrast, "[t]he filing of an unsuccessful petition for belated appeal does not toll the rendition of a judgment and sentence for purposes of calculating the two-year window." *Martin v. State*, 941 So. 2d 1173, 1173 (Fla. 5th DCA 2006) (citing *Jones v. State*, 922 So. 2d 1088 (Fla. 4th DCA 2006)).
>
> Once this court granted Rogers' petition for belated appeal, appellate case number 2D10-4415 was initiated. This court affirmed Rogers' judgments and sentences and issued its mandate on March 7, 2012. The time for Rogers to file a motion under rule 3.850(b) then began to run on the date of this court's mandate. *See Twardokus v. State*, 69 So. 3d 359, 360 (Fla. 2d DCA 2011). Thus, Rogers' motion was timely filed, and the post-conviction court should have reviewed it on the merits.

*Accord Jimenez v. Quarterman*, 555 U.S. 113, 120 n.4 (2009) ("[W]e merely hold that, where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal."). To the contrary, the granting of a belated appeal from the denial of a motion for post-conviction relief is not effective *nunc pro tunc* but instead is effective

from the date the order authorizes a belated appeal. Huey's belated appeal was granted effective November 23, 2021, but as determined above the federal limitation had expired two months earlier on September 17, 2021. Consequently, no limitation remained to toll. *See Hollinger v. Sec'y, Dep't of Corr.*, 334 F. App'x 302, 304 (11th Cir. 2009) ("Because Hollinger's AEDPA clock already had expired on February 13, 2006, his belated Rule 3.850 appeal did not statutorily toll the AEDPA limitations period.").

Furthermore, the mandate issued on the belated appeal on June 29, 2022, and Huey filed his federal application on August 1, 2022. Huey's lack of due diligence is also shown by his delaying more than a month after the mandate issued before filing his federal application. Consequently, Huey fails to meet both requirements for equitable tolling.

## Fundamental Miscarriage of Justice

Huey argues that the failure to review his application will result in a "fundamental miscarriage of justice" because he is "actually innocent." The "miscarriage of justice" exception and the "actual innocence" exception are the same exception. *See Sawyer v. Whitley*, 505 U.S. 333, 333 (1992) ("The miscarriage of justice exception applies where a petitioner is 'actually innocent' of the crime of which he was convicted."); *Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly

tied the miscarriage of justice exception to the petitioner's innocence."); *House v. Bell*, 547 U.S. 518, 537 (2006) (using both "miscarriage of justice" and "actual innocence" to describe the same exception).  And "'actual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Huey bears the burden of proving that he did not commit the criminal offense for which he is imprisoned.  Although Huey may challenge his conviction if he can show that he is "actually innocent" of the offense, "actual innocence" is not a separate claim that challenges the conviction but a "gateway" through which a defendant may pass to assert an otherwise time-barred or procedurally barred federal claim.[4]  Passage through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Instead of presenting "new reliable evidence," Huey relies on the merits of his underlying grounds for relief, two claims of trial court error that he raised on direct appeal and two claims of ineffective assistance of trial counsel that the state court denied in his motion for post-conviction relief.  (Respondent's Exhibits 19 and 33)  No ground is based on new evidence.

---

[4] Huey asserts no claim of "actual innocence" as a "free standing" claim, but only as a means of escaping the limitation's bar. The Supreme Court has never recognized the existence of a "free standing" claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.") (citing *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993)).

Huey's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Huey and **CLOSE** this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Huey is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Huey must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Huey is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Huey must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 23, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE